OPINION
On September 11, 1992, Melissa S. Romine gave birth to Tonga L. Romine. At the time of the child's birth, Ms. Romine was married to Ronald Romine. On October 6, 1994, appellee, Eric S. Tripp, signed a voluntary acknowledgment of paternity through the administrative processes of appellant, the Guernsey County Child Support Enforcement Agency. Per administrative order dated November 16, 19994, appellee was ordered to pay child support in the amount of $218.14 per month. On December 20, 1994, Ms. Romine, through appellant, filed a complaint to establish paternity and child support determination. By nunc pro tunc judgment entry filed April 5, 1995, the trial court approved and ratified appellant's administrative orders and included a payment for an arrearage due. On November 30, 1998, appellee filed a motion for blood testing. By entry filed January 25, 1999, the trial court granted said motion. A hearing was held on September 3, 1999. By judgment entry filed October 5, 1999, the trial court found that the blood test established that appellee was not the father of the child. The trial court vacated its prior order finding appellee to be the father of the child, and terminated any obligation to pay child support. Findings of fact and conclusions of law were filed on March 7, 2000. Appellant filed an appeal and this matter is now before this court for consideration. Assignment of error is as follows:
 I THE COURT ERRED BY APPLYING THE CASE OF CUYAHOGA SUPPORT ENFORCEMENT AGENCY V. GUTHRIE TO THE FACTS OF THE CASE PENDING.
 I
Appellant claims the trial court erred in vacating the prior determination on paternity. We agree. On October 6, 1994, appellee signed a voluntary acknowledgment of paternity. R.C. 3111.03
governs the presumption of paternity. Subsection (A)(4) states as follows: (A) A man is presumed to be the natural father of a child under any of the following circumstances:
(4) An acknowledgment of paternity filed with the division of child support in the department of human services becomes final pursuant to section 2151.232 [2151.23.2], 3111.211 [3111.21.1], or 5101.314 [5101.31.4] of the Revised Code.
Subsection (B)(2) states "[n]otwithstanding division (B)(1) of this section, a presumption that arises under division (A)(4) of this section may only be rebutted as provided in division (B)(2) of section 5101.314 [5101.31.4] of the Revised Code." R.C.5101.314(B)(2) states as follows: After an acknowledgment becomes final pursuant to this section or section 2151.232 [2151.23.2] or 3111.211 [3111.21.1] of the Revised Code, a man presumed to be the father of the child pursuant to section 3111.03 of the Revised Code who did not sign the acknowledgment, either person who signed the acknowledgment, or a guardian or legal custodian of the child may bring an action to rescind the acknowledgment on the basis of fraud, duress, or material mistake of fact. The court shall treat the action as an action to determine the existence or nonexistence of a parent and child relationship pursuant to sections 3111.01 to3111.19 of the Revised Code. An action pursuant to division (B)(2) of this section shall be brought no later than one year after the acknowledgment becomes final. * * * (Emphasis added.)
By nunc pro tunc judgment entry filed April 5, 1995, the trial court approved and ratified the administrative orders. Over three years later, on November 30, 1998, appellee filed a motion for blood testing. Upon review, we find appellee's rebuttal to the presumption of paternity was untimely pursuant to R.C.5101.314(B)(2). In support of its decision to vacate its prior order finding appellee to be the father of the child and order of child support, the trial court cited the case of Cuyahoga Support Enforcement Agency v. Guthrie (1999), 84 Ohio St.3d 437, wherein the Supreme Court of Ohio held trial courts have continuing jurisdiction to modify or revoke judgments issued under sections R.C. 3111.01 through R.C. 3111.19, R.C. 3111.13(C) and (D) and R.C. 3111.15(B). We find the Guthrie case to be distinguishable from the case sub judice. The Guthrie case did not involve an acknowledgment of paternity therefore, the provisions of R.C.3111.03(B)(2) and R.C. 5101.314(B)(2) were never reviewed and/or considered. Upon review, we find the trial court erred in vacating the prior determination on paternity. The sole assignment of error is granted.
The judgment of the Court of Common Pleas of Guernsey County, Ohio, Juvenile Division is hereby reversed.